STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Brian Buster

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BUSTER;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, OFFICER KENNETH JACKSON, OFFICER ROBERT DEMARCO and DOE VALLEJO POLICE OFFICERS 1-25;<br><br>Defendants. | CASE NO.: 2:18-cv-01860<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*);<br>2. Negligence;<br>3. Battery;<br>4. Intentional Infliction of Emotional Distress;<br>5. Bane Act Violation<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF VALLEJO, OFFICER KENNETH JACKSON, OFFICER ROBERT DEMARCO, DOE VALLEJO OFFICERS 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. Plaintiff Brian Buster, was at all times relevant to this complaint, living in the City of Vallejo, which is located within the Eastern District of California.

2. Defendant CITY OF VALLEJO ("VALLEJO") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. VALLEJO is a municipality located within the Eastern District of California.

3. Defendant OFFICER ROBERT DEMARCO, is a police officer employed by the City of Vallejo and was employed as police officer for the City of Vallejo at the time of the incident in question. This Defendant is being sued in his individual capacity.

4. Defendant OFFICER KENNETH JACKSON, is a police officer employed by the City of Vallejo and was employed as police officer for the City of Vallejo at the time of the incident in question. This Defendant is being sued in his individual capacity.

5. Defendant Doe Vallejo Police Officers were employed by the City of Vallejo at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in their individual capacities.

2

6. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Vallejo California, which is located in this district.

## III. STATEMENT OF FACTS

9. On or around May 19, 2017 at 11:00 p.m. the plaintiff's then 16 year-old daughter named S.B. called him and told him that a man (who was in his 30's) slapped her in the face. The plaintiff's older daughter Cecilia and boyfriend Jose witnessed the assault.

10. Upon hearing this information, the plaintiff (being a concerned father) wanted to know what had happened and thought he knew where this man lived. The plaintiff jumped in his car and drove to where he thought the man was located to confront him.

11. A co-worker of the plaintiff lived next door to where he thought the man who slapped his daughter lived. When the plaintiff pulled up, his co-worker informed the plaintiff that the man he was looking for did not live at that location.

3

12. About fifteen minutes later, the plaintiff's 16 year-old daughter called him again, sounding hysterical and told the plaintiff to rush over to her immediately and abruptly hung up the phone, without telling the plaintiff what was going on.

13. The plaintiff, being very scared and concerned for the imminent welfare of his daughter, jumped in his car and drove towards his home as fast as he could.

14. The distance that the plaintiff had to travel to get to his daughter was approximately 1.5 - 2.0 miles.

15. By the time the plaintiff arrived at his home, he noticed blue police lights behind him. The plaintiff pulled over in front of his neighbors house, exited his vehicle, looking for his 16 year-old daughter, and calling out her name loudly.

16. The defendant police officers Demarco and Jackson immediately pulled over after the plaintiff and issued and order for him to lie down on the ground.

17. The plaintiff instantly got on his stomach and spread his hands, palms side down to the ground, not resisting at all as shown in the body camera video that will be produced into evidence for this case.

18. At that moment, it is believed that defendant Demarco kicked the plaintiff in the face, head and other parts of his upper body.

19. It is also believed that shortly after Demarco kicked the plaintiff in the face, defendant Jackson delivered an elbow strike to the plaintiff's head area.

20. When the plaintiff instinctively covered up his head and face and curled up in a fetal position on the ground, it is believed that defendant Demarco pulled out a baton and struck the plaintiff several times on his back, elbow, ribcage area, and shoulders.

21. While being beaten by the defendants, the plaintiff was screaming for his daughter to ensure that she was not in danger or distress, and attempted telling the defendant officers what had occurred regarding his child.

22. The defendants then informed the plaintiff that they would shoot him if he said anything else, in which the plaintiff responded "what do you want me to do" "What do you want me to do"

23. The plaintiff was subsequently taken to Sutter Hospital in Solano County and received stitches on his elbow due to a laceration he received from one of the baton strikes.

24. As a result of this conduct by the defendants, the plaintiff suffers from extreme levels of anxiety on a daily basis. Further, the plaintiff did not have use of his elbow for six months, and his elbow still does not properly function, and it is now deformed.

25. Plaintiff filed a timely government claim against the City of Vallejo pursuant to California Government Code §910, et seq., which was received November 21, 2017. Well over 45 days later, the plaintiff received a rejection letter regarding this tort claim, dated December 26, 2017.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*) – As to All Defendants)**

26. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

27. That Defendant Demarco and Does 1-25, acting under color of law, used unreasonable and excessive force on May 20, 2017, by deliberately and intentionally kicking the plaintiff in the face, head and other parts of his upper body.

28. That Defendant Jackson and Does 1-25, acting under color of law, used unreasonable and excessive force on May 20, 2017, by deliberately and intentionally delivered an elbow strike to the plaintiff's head area.

29. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) at the time of this assaultive conduct, the plaintiff was not resisting or evading because he was lying on his stomach with his hands spread, palm side down, to the ground, (v) other alternative methods were available to effectuate a seizure.

30. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendants' actions.

31. That Defendant Demarco and Does 1-25, acting under color of law, used unreasonable and excessive force on May 20, 2017, by deliberately and intentionally using a baton to strike the plaintiff several times on his back, elbow, ribcage area, and shoulders. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) at the time of this

assaultive conduct, the plaintiff was not resisting or evading at the time the baton strikes were delivered, because he instinctively covered up his head and face and curled up in a fetal position on the ground to avoid being kicked in the face and head again. (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendants' actions.

32. Defendant Vallejo deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, among other things, failing to adequately train, its officers regarding not using excessive force on people who are being apprehended, and are not resisting.

33. Furthermore, Vallejo has a widespread or longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

34. As a direct result of the named DEFENDANT OFFICERS, Vallejo, and Does 1-25's actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

35. The conduct of the named Defendant Officers and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, the Defendant Officers subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

36. Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from named Defendant Officers and Does 1-25 in an amount according to proof.

## SECOND CLAIM

**(Negligence – As to all Defendant Officers, Vallejo and DOES 1-25)**

37. By virtue of the foregoing, Defendant Officers Demarco and Jackson owed Plaintiff a duty of due care not to cause the Plaintiff to suffer undue harm, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

38. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

39. Defendant Officers Demarco and Jackson are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

40. Defendants Demarco and Jackson as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

41. Because Defendant Officers Demarco and Jackson were acting as employees of Vallejo at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

## THIRD CLAIM

**(Battery – As to All Defendant Officers, Vallejo and DOES 1-25)**

42. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

43. Defendant Officers and DOES 1-25 while working as police officers for Vallejo, and acting within the course an scope of their duties, by deliberately and intentionally kicking the plaintiff in the face, head and other parts of his upper body, delivering an elbow strike to the plaintiff's head area and then subsequently using a baton to strike the plaintiff several times on his back, elbow, ribcage area, and shoulders.

44. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) at the time of this assaultive conduct, the plaintiff was not resisting or evading. (iv) other alternative methods were available to effectuate a seizure, and that this unwanted contact occurred without Plaintiff's consent.

45. Defendant Officers Demarco and Jackson are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

46. Defendants Demarco and Jackson as public employees are not exonerated or immune from liability for battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

47. Because Defendant Officers Demarco and Jackson were acting as employees of Vallejo at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for Battery pursuant to California Government Code §815.2.

48. Defendant Officers Demarco and Jackson and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

## FOURTH CLAIM

**(Intentional Infliction of Emotional Distress – As to All Defendant Officers, Vallejo and DOES 1-25)**

49. Based on the following it is alleged that Defendant Officers are also liable to the Plaintiff for Intentional Infliction of Emotional Distress.

50. That the Defendants deliberately and intentionally kicked the plaintiff in the face, head and other parts of his upper body, delivered an elbow strike the plaintiff's head area and subsequently used a baton to strike the plaintiff several times on his back, elbow, ribcage area, and shoulders;

51. That this conduct was extreme and outrageous;

52. That the Defendant Officers intended to cause the Plaintiff severe emotional distress by engaging in this conduct;

53. The plaintiff suffered severe emotional distress based on the defendants' conduct.

54. Defendant Officers Demarco and Jackson are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

55. Defendants Demarco and Jackson as public employees are not exonerated or immune from liability for Intentional Infliction of Emotional Distress for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

56. Because Defendant Officers Demarco and Jackson were acting as employees of Vallejo at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of VALLEJO, VALLEJO is liable to the Plaintiff for Intentional Infliction of Emotional Distress pursuant to California Government Code §815.2.

57. Defendant Officers and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

### FIFTH CLAIM

**(BANE ACT VIOLATION – As to All Defendant Officers, Vallejo and DOES 1-25)**

58. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

59. Defendant Officers and DOES 1-25 while working as police officers for Vallejo, and acting within the course an scope of their duties, deliberately and intentionally kicked the plaintiff in the face, head and other parts of his upper body, delivered an elbow strike to the plaintiff's head area, and then subsequently used a baton to strike the plaintiff several times on his back, elbow, ribcage area, and shoulders.

60. Defendant Officers interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when they engaged in this conduct.

11

1  61. That upon observing the Defendant Officers exercising excessive force upon his person,
2  the Plaintiff reasonably believed that if he exercised his right to be free from the unlawful use of
3  excessive force upon his person, that the Defendant Officers would commit violence against him.
4  62. That Defendant Officers injured the Plaintiff to prevent him from exercising these
5  rights.
6  63. That Plaintiff was harmed because he suffered physical injuries, as well as severe
7  emotional stress as a result of the violent acts imposed on him by the Defendant Officers
8  and;
9  64. The Defendant Officers use of excessive force to prevent the Plaintiff from exercising his
10 rights was a substantial factor in causing his harm.
11 65. Because Defendant Officers Demarco and Jackson were acting as employees of
12 VALLEJO at the time of the incident, and because they were acting within the scope and course
13 of their employment and under the direct control and supervision of VALLEJO, VALLEJO is
14 liable to the Plaintiff for BANE ACT violation pursuant to California Government Code §815.2.

12

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: October 28, 2019

_/s/ STANLEY GOFF_
STANLEY GOFF
Attorney for Plaintiff
Brian Buster