1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  TIMOTHY R. SMYTH**
Deputy City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email:  timothy.smyth@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO,
OFFICER KENNETH JACKSON, OFFICER ROBERT DeMARCO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BRIAN BUSTER,<br><br>                   Plaintiff,<br><br>        vs.<br><br>CITY OF VALLEJO, OFFICER KENNETH JACKSON, OFFICER ROBERT DEMARCO, and DOE VALLEJO POLICE OFFICERS 1-25;<br><br>                   Defendants. | **Case No: 2:18-cv-01860-TLN-EFB**<br><br>**ANSWER OF DEFENDANTS CITY OF VALLEJO, OFFICER KENNETH JACKSON, AND OFFICER ROBERT DeMARCO TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED** |

COMES NOW Defendants CITY OF VALLEJO and OFFICER KENNETH JACKSON and OFFICER ROBERT DeMARCO (hereinafter referred to collectively as "Defendants") answer Plaintiff's First Amended Complaint (hereinafter "Complaint") as follows:

## INTRODUCTION

Answering the preamble paragraph of the Complaint, Defendants admit that Plaintiff's attempt to state a claim for damages pursuant to 42 USC § 1983, but deny engaging in any unconstitutional and tortious conduct.  Except as expressly admitted, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny each and every remaining allegation contained therein.

# I. PARTIES

1.      Answering the first paragraph of the Complaint, the Defendants lack sufficient information to admit or deny that Plaintiff Brian Buster was at all times relevant to the complaint living in the City of Vallejo.

2.      Answering the second paragraph of the Complaint, Defendants admit that the CITY OF VALLEJO is a municipal corporation duly formed under the laws of the State of California and located within the Eastern District of California.

3.      Answering the third paragraph of the Complaint, Defendants admit OFFICER ROBERT DeMARCO was at all times relevant to the Complaint employed by the CITY OF VALLEJO as a peace officer at the time of the alleged incident giving rise to this action. Defendants admit that Plaintiff asserts that he brings claims against OFFICER ROBERT DeMARCO in his individual capacity.

4.      Answering the fourth paragraph of the Complaint, Defendants admit OFFICER KENNETH JACKSON was at all times relevant to the Complaint employed by the CITY OF VALLEJO as a peace officer at the time of the alleged incident giving rise to this action. Defendants admit that Plaintiff asserts that he brings claims against OFFICER ROBERT DeMARCO in his individual capacity.

5.      Answering the fifth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

6.      Answering the sixth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

# II. JURISDICTION AND VENUE

7.      Answering the seventh paragraph of the Complaint, Defendants admit that Vallejo Police Officers interacted with decedent on May 20, 2017 in Vallejo, California.  Defendants admit jurisdiction is proper, but deny liability under the stated code sections and constitutional amendments to the underlying facts.  Defendants lack sufficient knowledge or information to

1
2

form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

3
4

      8.     Answering the eighth paragraph of the Complaint, Defendants agree venue is proper in this Court.

5

### III.  STATEMENT OF FACTS

6
7
8

      9.     Answering the ninth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

9
10
11

      10.     Answering the tenth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

12
13
14

      11.     Answering the eleventh paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

15
16
17

      12.     Answering the twelfth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

18
19
20

      13.     Answering the thirteenth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

21
22
23

      14.     Answering the fourteenth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

24
25
26
27
28

      15.     Answering the fifteenth paragraph of the Complaint, Defendants admit having emergency lights activated when arriving at 1421 Delwood, where Plaintiff had exited his vehicle.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

16.     Answering the sixteenth paragraph of the Complaint, Defendants admit pulling over shortly after Plaintiff stopped his vehicle.  Defendants admit issuing commands to Plaintiff, including for Plaintiff to lie down on the ground.

17.     Answering the seventeenth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

18.     Answering the eighteenth paragraph of the Complaint, Defendants deny OFFICER ROBERT DeMARCO kicked the plaintiff in the face and head.  Defendants admit OFFICER ROBERT DeMARCO kicked at the arm and shoulder area of Plaintiff after Plaintiff moved his hands beneath his person.

19.     Answering the nineteenth paragraph of the Complaint, Defendants deny OFFICER ROBERT DeMARCO kicked Plaintiff in the face.  Defendants admit OFFICER KENNETH JACKSON delivered a single elbow strike to Plaintiff's head area when Plaintiff abruptly lifted his head and body area.  Defendants also deny any inferences in the sequence of events that may be drawn from the facts as stated in this paragraph of the Complaint.

20.     Answering the twentieth paragraph of the Complaint, Defendants admit OFFICER ROBERT DeMARCO struck plaintiff three times using his collapsible baton when Plaintiff refused to place his hands behind his back.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

21.     Answering the twenty-first paragraph of the Complaint, Defendants deny Plaintiff was screaming his daughter's name and making statements about what had occurred regarding his child until after he placed his hands behind his back as ordered by OFFICER ROBERT DeMARCO.  Defendants deny any inference of wrongdoing associated with the force used to detain the Plaintiff by this paragraph.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein

22.     Answering the twenty-second paragraph of the Complaint, Defendants deny each and every allegation contained therein.

23.     Answering the twenty-third paragraph of the Complaint, Defendants admit the Plaintiff was taken to Sutter Hospital in Solano County subsequent to his arrest.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein

24.     Answering the twenty-fourth paragraph of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein

25.     Answering the twenty-fifth paragraph of the Complaint, Defendants admit a Plaintiff submitted a timely government claim, and a rejection letter to Plaintiff's claim was sent on December 26, 2017.   Defendants deny receiving Plaintiff's government tort claim on November 21, 2017.

## IV.  CAUSES OF ACTION

### FIRST CLAIM
**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C. §1983**
**(Excessive Force and *Monell*) – As to All Defendants)**

26.     Answering the twenty-sixth paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-25 above with the same force and effect as if they were herein set out in full.

27.     Answering the twenty-seventh paragraph of the Complaint, Defendants admit on May 20, 2017, OFFICER ROBERT DeMARCO kicked Plaintiff's arm and shoulder area when he pulled his arms beneath his person.   Defendants deny each and every other allegation contained in this paragraph.

28.     Answering the twenty-eighth paragraph of the Complaint, Defendants admit that on May 20, 2017, OFFICER KENNETH JACKSON delivered an elbow strike to the plaintiff's head area.  Defendants deny this force was unreasonable or excessive.

29.     Answering the twenty-ninth paragraph of the Complaint, Defendants admit that no weapons were found on Plaintiff's person, and other alternative methods were possibly

1   available to effectuate a seizure.  Except as expressly admitted herein, Defendants deny each and

2   every remaining allegation contained in this paragraph.

3       30.      Answering the thirtieth paragraph of the Complaint, Defendants deny each and

4   every allegation contained therein.

5       31.      Answering the thirty-first paragraph of the Complaint, Defendants deny each and

6   every allegation contained therein.

7       32.      Answering the thirty-second paragraph of the Complaint, Defendants deny each

8   and every allegation contained therein.

9       33.      Answering the thirty-third paragraph of the Complaint, Defendants deny each and

10  every allegation contained therein.

11      34.      Answering the thirty-fourth paragraph of the Complaint, Defendants deny each

12  and every allegation contained therein.

13      35.      Answering the thirty-fifth paragraph of the Complaint, Defendants deny each and

14  every allegation contained therein.

15      36.      Answering the thirty-sixth paragraph of the Complaint, Defendants deny each and

16  every allegation contained therein.

17                          **SECOND CLAIM**
                  **(Negligence – As to all Defendant Officers, Vallejo, and DOES 1-25)**
18

19      37.      Answering the thirty-seventh paragraph of the Complaint, Defendants deny each

20  and every allegation contained therein.

21      38.      Answering the thirty-eighth paragraph of the Complaint, Defendants deny each

22  and every allegation contained therein.

23      39.      Answering the thirty-ninth paragraph of the Complaint, Defendants deny each and

24  every allegation contained therein.

25      40.      Answering the fortieth paragraph of the Complaint, Defendants deny each and

26  every allegation contained therein.

27      41.      Answering the forty-first paragraph of the Complaint, Defendants deny each and

28  every allegation contained therein.

1
2

**THIRD CLAIM**
**(Battery – As to All Defendant Officers, Vallejo and DOES 1-25)**

3

42.     Answering the forty-second paragraph of the Complaint, Defendants re-allege

4

their answers to the paragraphs 1-41 above with the same force and effect as if they were herein

5

set out in full.   Defendants deny that Plaintiff's rights were violated and each and every

6

allegation contained therein.

7

43.     Answering the forty-third paragraph of the Complaint, Defendants deny each and

8

every allegation contained therein.

9

44.     Answering the forty-fourth paragraph of the Complaint, Defendants admit no

10

weapon was located on Plaintiff's person, and other methods to effectuate his seizure were

11

potentially available.   Defendants deny each and every other allegation contained therein.

12

45.     Answering the forty-fifth paragraph of the Complaint, Defendants deny each and

13

every allegation contained therein.

14

46.     Answering the forty-sixth paragraph of the Complaint, Defendants deny each and

15

every allegation contained therein.

16

47.     Answering the forty-seventh paragraph of the Complaint, Defendants deny each

17

and every allegation contained therein.

18

48.     Answering the forty-eighth paragraph of the Complaint, Defendants deny each

19

and every allegation contained therein.

20

**FOURTH CLAIM**
**(Intentional Infliction of Emotional Distress – As to All Defendant Officers,**
**Vallejo and DOES 1-25)**

21

22

49.     Answering the forty-ninth paragraph of the Complaint, Defendants re-allege their

23

answers to the paragraphs 1-48 above with the same force and effect as if they were herein set

24

out in full.   Further, the averments contained in this paragraph are conclusions of law to which

25

no response is required.

26

50.     Answering the fiftieth paragraph of the Complaint, Defendants deny each and

27

every allegation contained therein.

28

//

51.    Answering the fifty-first paragraph of the Complaint, Defendants deny each and every allegation contained therein.

52.    Answering the fifty-second paragraph of the Complaint, Defendants deny each and every allegation contained therein.

53.    Answering the fifty-third paragraph of the Complaint, Defendants deny each and every allegation contained therein.

54.    Answering the fifty-fourth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

55.    Answering the fifty-fifth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

56.    Answering the fifty-sixth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

57.    Answering the fifty-seventh paragraph of the Complaint, Defendants deny each and every allegation contained therein.

**FIFTH CLAIM**
**(BANE ACT VIOLATION – As to All Defendant Officers, Vallejo and DOES 1-25)**

58.    Answering the fifty-eighth paragraph of the Complaint, Defendants re-allege their answers to the paragraphs 1-57 above with the same force and effect as if they were herein set out in full. Defendants deny that Plaintiff's rights were violated and each and every allegation contained therein.

59.    Answering the fifty-ninth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

60.    Answering the sixtieth paragraph of the Complaint, Defendants deny each and every allegation contained therein.

61.    Answering the sixty-first paragraph of the Complaint, Defendants deny each and every allegation contained therein.

62.    Answering the sixty-second paragraph of the Complaint Defendants deny each and every allegation contained therein.

1       63.    Answering the sixty-third paragraph of the Complaint, Defendants deny each and

2   every allegation contained therein.

3       64.    Answering the sixty-fourth paragraph of the Complaint, Defendants deny each

4   and every allegation contained therein.

5       65.    Answering the sixty-fifth paragraph of the Complaint, Defendants deny each and

6   every allegation contained therein.

7   **PRAYER**

8   Defendants deny that Plaintiff is entitled to the relief requested or any relief at all

9   whatsoever.

10   **AFFIRMATIVE DEFENSES**

11       1.    As a first affirmative defense, Defendants allege that the Complaint for Damages

12   fails to state any claim upon which relief can be granted.

13       2.    As a second affirmative defense, Defendants allege that Plaintiff's claims are

14   barred by the applicable statutes of limitation.

15       3.    As a third affirmative defense, Defendants allege that Plaintiff's own negligent

16   conduct proximately contributed to the alleged injuries and damages.  Any jury verdict in

17   Plaintiff's favor that may be rendered in this case, therefore, must be reduced by the percentage

18   that Plaintiff's conduct contributed to any of his or her damages or injuries.

19       4.    As a fourth affirmative defense, Defendants allege that at all times herein

20   mentioned, all actions taken by the Defendant officers were reasonable under the circumstances

21   and taken under a reasonable belief that the actions were not unlawful.  The Defendant officers

22   are therefore entitled to qualified immunity from liability for matters set forth in the Complaint

23   for Damages.

24       5.    As a fifth affirmative defense, Defendants allege that any harm which came to

25   Plaintiff was a direct and proximate cause of their own actions.

26       6.    As a sixth affirmative defense, Defendants allege Plaintiff's alleged damages or

27   injuries were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.

28       7.    As a seventh affirmative defense, Defendants allege that any of Plaintiff's

damages or injuries were proximately caused by the negligence of other persons, firms,

1  corporations or entities, for whom the Defendants are not responsible.   Should Plaintiff be

2  entitled to recover under the Complaint for Damages, any recovery should be reduced in

3  proportion to the negligence of such other persons, firms, corporations or entities.

4         8.     As an eighth affirmative defense, Defendants allege that the defendant officers

5  were acting in their official capacities at all times relevant to this action, and any alleged actions

6  were made in good faith, without malice, or were performed with a reasonable belief that their

7  actions were authorized by and in accord with existing law and authority.

8         9.     As a ninth affirmative defense, Defendants allege that all actions taken were

9  privileged as a matter of law.   Consequently, no liability can be cast upon them in their

10  individual capacities to the extent they become parties to this lawsuit.

11        10.    As a tenth affirmative defense, the Defendants allege that Plaintiff's arrest and/or

12  detention was made lawfully with probable cause or reasonable suspicion.

13        11.    As an eleventh affirmative defense, Defendants allege that Plaintiff had full

14  knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily

15  and with full appreciation of the amount of danger involved in their actions and the magnitude of

16  the risk involved, assumed the risk of injuries and damages.

17        12.    As a twelfth affirmative defense, Defendants allege that Defendant shall only be

18  responsible for damages in an amount determined pursuant to and in accordance with

19  Proposition 51 (Civil Code § 1431.2).

20        13.    As a thirteenth and separate affirmative defense, Defendants allege that Plaintiff's

21  Complaint exceeds the scope of their government claim, both in respect to theories of liability

22  asserted and to injuries and damages claimed. It is therefore barred pursuant to Government

23  Code §§ 900 et seq. and Code of Civil Procedure § 313.

24        14.    As a fourteenth and separate affirmative defense. Defendants allege that there is

25  no statutory or other basis for the attorney's fees sought by Plaintiff.

26        15.    As a fifteenth affirmative defense, the Defendants allege that Plaintiff's claims

27  against the CITY OF VALLEJO under 42 U.S.C. § 1983 are contrary to law, in that they are

28  founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers,

1    supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat*

2    *superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

3        16.    As a sixteenth affirmative defense, the Defendants allege that they are immune

4    from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal

5    Code Sections 835, 835(a), 836 and 836.5.

6        17.    As a seventeenth affirmative defense, the Defendants allege that Plaintiff is not

7    entitled to punitive damages, because punitive damages are unconstitutional and violate the

8    Defendants' right to due process and equal protection.

9        18.    As an eighteenth affirmative defense, the Defendants allege that Plaintiff's claims

10   for punitive damages are barred by the provisions of Government Code section 818 and *City of*

11   *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

12       19.    As a nineteenth affirmative defense, the Defendants allege that Plaintiff's state

13   claims are barred pursuant to California Government Code sections 911.2, 911.4, 945.4, 946.6,

14   950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.8, 821, 821.6, 822.2, 844.6, 845,

15   845.2, 845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth

16   herein.

17       20.    As a twentieth affirmative defense, the Defendants allege that Plaintiff's claims

18   are barred as res judicata, and/or *Heck v. Humphrey*, 512 U.S. 477 (1994) as a collateral attack

19   on a criminal conviction in State Court.

20                                **DEMAND FOR JURY**

21       Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the

22   United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

23   //

24   //

25   //

26   //

27   //

28   //

1

## PRAYER FOR JUDGMENT

2        Wherefore the Defendants pray for judgment as follows:

3        1.      That Plaintiff takes nothing by this action;

4        2.      That the Defendants be awarded the costs of defending this lawsuit;

5        3.      That the Defendants be awarded a judgment against the Plaintiff; and

6        4.      For such other and further relief as this Court deems proper.

7

8    DATED:  November 12, 2019                    Respectfully submitted,

9

10                                                 /s/ *Timothy R. Smyth*
                                                   TIMOTHY R. SMYTH
11                                                 Deputy City Attorney
                                                   Attorney for Defendants, CITY OF VALLEJO,
12                                                 OFFICER KENNETH JACKSON, OFFICER
                                                   ROBERT DeMARCO
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---