UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BUSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>    Defendants. | No. 2:18-cv-01860-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants City of Vallejo, Officer Kenneth Jackson ("Officer Jackson"), and Officer Robert DeMarco's ("Officer DeMarco") (together "Defendants") Motion for Partial Summary Judgment. (ECF No. 30.) Plaintiff Brian Buster ("Plaintiff") filed an opposition. (ECF No. 31.) Defendants filed a reply. (ECF No. 42.) For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

///
///
///
///
///
///
///

1

**I.     FACTUAL BACKGROUND**

      A.     <u>Undisputed Facts</u>

This case arises from Plaintiff's arrest by Officer Jackson and Officer DeMarco of the City of Vallejo's Police Department on or around May 20, 2017. (ECF No. 30 at 3.) Officers Jackson and DeMarco were on patrol when they observed Plaintiff's vehicle traveling eastbound on Spring Road at a high rate of speed. (ECF No. 30 at 4.) The officers activated their vehicle's overhead lights and siren and pursued Plaintiff. (*Id.*) Plaintiff led the officers on a pursuit at 100 miles per hour in a 35-mile-per-hour zone. (*Id.*)

During the pursuit, Plaintiff ran multiple stop lights and a stop sign. (*Id.*) The pursuit ended when Plaintiff stopped his car at the curb of 1481 Delwood Street, several houses down from his residence. (*Id.*) The parties differ in their accounts of what happened next, but both agree that Plaintiff laid down on the ground and Officer DeMarco kicked Plaintiff and struck Plaintiff several times with his baton. (ECF No. 33 at 4.) The parties also agree that Officer Jackson delivered one elbow strike to the left side of Plaintiff's head and was able to take Plaintiff into custody without further incident. (*Id.*)

      B.     <u>Disputed Facts</u>

The instant case turns on facts related to the interaction between Plaintiff and Defendants preceding Plaintiff's arrest. Defendants assert they saw Plaintiff flee from his vehicle and unsuccessfully attempt to climb the fence at 1481 Delwood Street. (ECF No. 33 at 3.) Plaintiff, however, claims he never tried to climb a fence. (*Id.* at 4.) Defendants allege that Officer DeMarco approached Plaintiff and saw he was attempting to push himself up from the ground and Officer DeMarco kicked Plaintiff's left bicep to prevent him from getting up. (*Id.*) Plaintiff disputes this fact and asserts he never attempted to push back up. (*Id.* at 4.) Defendants assert Officer DeMarco gave multiple commands to Plaintiff to put his hand behind his back but Plaintiff did not comply. (*Id.*) Plaintiff disputes this fact and asserts he laid flat on his stomach when ordered to get on the ground by Defendants. (*Id.*) Defendants allege Officer DeMarco issued three strikes with his baton to Plaintiff's back area while continuing to give commands to put his hands behind his back. (*Id.*) Plaintiff disputes this fact and alleges Officer DeMarco

2

kicked him in the eye socket and issued numerous strikes to his back area with his baton. (*Id.*) Defendants allege as Officer Jackson was attempting to handcuff Plaintiff, Plaintiff attempted to push back up with his head and arms. (*Id.*) Plaintiff disputes this fact and asserts he never attempted to push back up. (*Id.*) Defendants allege based on Plaintiff's conduct, Officer Jackson perceived that Plaintiff was attempting to flee and fight. (*Id.*) Plaintiff disputes this fact and asserts that he was in the fetal position when Officer DeMarco was beating him with his baton, striking him several times on his back, elbow, ribcage area, and shoulder area. (*Id.*) Plaintiff further asserts he was not armed, did not swing, punch, kick or threaten any of the officers, and did not attempt to flee. (*Id.*)

## II.    STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender

evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587.

///

///

**III.     ANALYSIS**

Defendants move for partial summary judgment as to the following claims: Claim 1, Plaintiff's *Monell* claim against the City of Vallejo for violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 ("§ 1983"); Claim 4, for intentional infliction of emotional distress ("IIED"); and Claim 5, violation of the Bane Act.  (ECF No. 30 at 2.)  Defendants assert the undisputed facts entitle them to partial summary judgement as to each of these claims.  (*Id.*)  Plaintiff opposes summary judgment as to the IIED claim and Bane Act claim.[1]  The Court addresses the parties' arguments as to each claim in turn.  (ECF No. 31 at 5.)

          A.     Claim One: *Monell* Claim Against Defendant City of Vallejo

Defendants move for summary judgment on Plaintiff's *Monell* claim against the City of Vallejo for violation of Plaintiff's Fourth Amendment rights under § 1983.  (ECF No. 30 at 6.)  Plaintiff does not oppose summary judgment as to the *Monell* claim and instead notes he is voluntarily "dismissing his *Monell* claim against Defendant City of Vallejo."  (ECF No. 31 at 5.)  In reply, Defendants argue Plaintiff has not filed a request for dismissal and thus the Court should grant summary judgment in Defendants' favor as to this claim.  The Court agrees with Defendants and GRANTS summary judgment for Defendant City of Vallejo as to Claim One.  *See Ledford v. California*, No. 15-cv-02381-TLN, 2021 WL 5853561 (E.D. Cal. Dec. 9, 2021) (Granting summary judgment as to claims in Plaintiff's procedurally improper notice of voluntary dismissal).

          B.     Claim Four: Intentional Infliction of Emotional Distress

Defendants argue they are entitled to summary judgment on Plaintiff's IIED claim because Plaintiff cannot establish the officers' conduct was sufficiently outrageous and extreme, given Defendants' concern that Plaintiff would continue to flee or fight during arrest.  (ECF No. 30 at 8–9.)  In opposition, Plaintiff argues summary judgment is inappropriate because there is a

---

[1] As discussed in more detail below, Plaintiff states, "[a]t this time, Plaintiff is dismissing his *Monell* claim against the City of Vallejo."  (ECF No. 31 at 5.)  This notice of voluntary dismissal is procedurally improper pursuant to Federal Rule of Civil Procedure 41(a).  Accordingly, the Court construes Plaintiff's response as a non-opposition.

1 genuine dispute of material fact as to whether the officers used excessive force.  (ECF No. 31 at
2 6.)  Plaintiff also argues the facts show the officers' conduct was extreme and outrageous because
3 they beat Plaintiff even though he was not visibly armed (or armed at all), not engaged in criminal
4 acts, not fighting back, and not attempting to flee.  (*Id*.)

5 Under California law, "[a] cause of action for intentional infliction of emotional distress
6 exists when there is (1) extreme and outrageous conduct by the defendant with the intention of
7 causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's
8 suffering severe or extreme emotional distress; and (3) actual and proximate causation of the
9 emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035,
10 1050 (2009) (citations omitted) (internal quotations omitted).  Extreme and outrageous conduct
11 must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1051 (citation
12 omitted) (internal quotations omitted).  "Whether a defendant's conduct can reasonably be found
13 to be outrageous is a question of law that must initially be determined by the court; if reasonable
14 persons may differ, it is for the jury to determine whether the conduct was, in fact, outrageous."
15 *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007) (citing *Alcorn v. Anbro Engineering, Inc*., 2
16 Cal. 3d 493, 499 (1970)).  A court may deny summary judgment on an IIED claim when there is a
17 genuine dispute of material fact as to whether officers used excessive force.  *See Blankenhorn v.*
18 *City of Orange*, 485 F.3d 463, 487 n.17 (9th Cir. 2007) (denying summary judgment on an IIED
19 claim where genuine disputes of material fact precluded summary judgment plaintiff's excessive
20 force claim); *Fortson v. City of L.A.*, No. CV 21-00384-CJC (GJSx), 2022 WL 16894508, at *9
21 (E.D. Cal. Sept. 19, 2022).

22 Plaintiff's argument that excessive force may constitute outrageous conduct for purposes
23 of an IIED claim is persuasive.  In the instant case, there are genuine disputes of fact about
24 Plaintiff's actions and Officer DeMarco's actions during the incident.  Defendants contend the
25 officers used force only in response to Plaintiff's attempts to push up off the ground and his
26 noncompliance with commands to put his hands behind his back.  (ECF No. 33 at 4.)   Plaintiff,
27 however, contends he never attempted to push up off the ground and only moved his hands
28 instinctively to cover his face following the kicks to his upper body from Officer DeMarco.  (*Id.*)

6

In addition, the parties dispute the extent of the force used against Plaintiff.  Defendants allege that Officer DeMarco began the arrest by kicking Plaintiff's arm to prevent him from pushing up off the ground.  (ECF No. 40–1 at 4.)  Plaintiff, however, alleges Officer DeMarco hit him in the face, head, and other parts of his upper body.  (*Id.*)  The parties also dispute how many times Officer DeMarco struck Plaintiff with his baton.  (*Id.*)  If a jury believes Plaintiff's claims about his actions (e.g., lying on the ground without attempting to get up during the arrest) and about Defendants' actions (e.g., kicking Plaintiff in the face, head, and upper body), the jury could reasonably find this to be extreme and outrageous conduct.

These disputed facts about the circumstances and extent of the use of force are material to determining whether Defendants' conduct was extreme and outrageous and, therefore, preclude summary judgment.  *See Warren v. Marcus*, 78 F. Supp. 3d 1228, 1250 (E.D. Cal. 2015) (denying summary judgment on an IIED claim because of genuine disputes of material fact as to whether the officer's conduct was extreme and outrageous); *Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 926 (E.D. Cal. 2014) (same).  Accordingly, because there are genuine disputes of material fact about whether Defendants' conduct was extreme and outrageous, the Court DENIES summary judgment as to Plaintiff's IIED claim.

### C. Claim Five: Bane Act

Defendants argue they are entitled to summary judgment on Plaintiff's Bane Act claim because Plaintiff did not establish the officers acted with the particular purpose of violating his clearly established rights.  (ECF No. 30 at 10.)  In opposition, Plaintiff argues summary judgment should be denied because the facts show Defendants acted in total reckless disregard for the Plaintiff's constitutional rights.  (ECF No. 31 at 9.)  Plaintiff argues the specific intent requirement of the Bane Act can be established from the evidence in the record.  (*Id.* at 7.)  Specifically, Plaintiff points to the fact that he was lying flat on his stomach with his hands spread palm side down to the ground in complete surrender when Defendants kicked him in the head, face, and other parts of his upper body.  (*Id.* at 7–8.)  Plaintiff seems to assert this use of force by Defendants is sufficient for a trier of fact to determine Defendants acted with the purpose of violating Plaintiff's clearly established rights.  (*Id.*)

7

1            Under California Civil Code § 52.1 a plaintiff bringing a cause of action under the Bane
2    Act "must show (1) intentional interference or attempted interference with a state or federal
3    constitutional or legal right, and (2) the interference or attempted interference was by threats,
4    intimidation or coercion." *Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1080 (E.D. Cal. 2018)
5    (quoting *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of*
6    *reh'g* (Mar. 6, 2015).). "[T]he egregiousness required by § 52.1 is tested by whether the
7    circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to
8    freedom from unreasonable seizure, not by whether the evidence shows something beyond the
9    coercion 'inherent' in the wrongful detention." *Cornell v. City & Cnty. of S.F.*, 17 Cal. App. 5th
10   766, 801–02 (2017), *as modified* (Nov. 16, 2017).  A court may deny summary judgment for a
11   Bane Act claim when there is sufficient evidence to create a triable issue as to whether the
12   defendants subjected the plaintiff to excessive force with the specific intent to interfere with his
13   rights. *Murchison v. Cnty. of Tehama*, 69 Cal. App. 5th 867, 897 (2021), *review denied* (Jan. 5,
14   2022).

15           As discussed above, there are genuine disputes of fact as to Plaintiff's actions and
16   Defendants' actions during the arrest.  These disputes relate to the amount of force used, whether
17   it was egregious, and whether it is sufficient to demonstrate specific intent. (ECF No. 33 at 4.)
18   For example, Defendants allege Plaintiff was fleeing when he tried to climb the fence, while
19   Plaintiff alleges he never tried to climb the fence. (*Id.* at 3.)  Defendants allege Plaintiff was
20   attempting to push up off the ground and that Officer Demarco kicked Plaintiff's left bicep to
21   prevent him from getting up. (*Id.* at 4.)  In contrast, Plaintiff asserts he never attempted to push
22   up off the ground. (*Id.*)  Plaintiff contends he was lying flat on his stomach when Defendants
23   kicked him in the eye socket and issued numerous strikes with a baton. (*Id.*)  Defendants dispute
24   this and contend that three strikes were issued using the baton during and after Defendants
25   commanded Plaintiff to put his hands behind his back. (*Id.*)  Defendants contend their use of
26   force was due to them believing Plaintiff was attempting to flee. (*Id.*)  Plaintiff disputes this and
27   asserts he was in fetal position when Defendant was beating him with a baton, striking him
28   several times in the back, elbow, ribcage area, and shoulder area. (*Id.*)  Plaintiff contends the use

of force was so excessive as to amount to a violation of the Bane Act. (*Id.*) Defendants dispute this. (ECF No. 42 at 2–3.)

These disputed facts are material in determining whether Defendants in the instant matter acted with particular purpose of violating Plaintiff's clearly established rights. *See B.B. v. Cnty. of L.A.*, 25 Cal. App. 5th 115, 134 (2018) (reversing the finding for summary judgment because there was a triable issue as to whether Defendants subjected the appellant to excessive force with the specific intent to interfere with his Fourth Amendment rights). Accordingly, because there are genuine disputes of material fact about whether the Defendants acted with particular purpose of violating his clearly established rights, the Court DENIES summary judgment as to Plaintiff's Bane Act claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. (ECF No. 30.)

Defendant's Motion for Summary Judgement is GRANTED as to Claim One.

Defendant's Motion for Summary Judgment is DENIED as to Claims Four and Five.

The parties are ORDERED to file a Joint Status Report not later than thirty (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial and proposing trial dates.

IT IS SO ORDERED.

Date: August 4, 2023

Troy L. Nunley
United States District Judge